J-A08043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHNAWAZ M. MATHIAS, JR., | |
| Appellant | No. 876 MDA 2014 |

Appeal from the Judgment of Sentence April 21, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006753-2005

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

CONCURRING MEMORANDUM BY SHOGAN, J.:          **FILED MAY 28, 2015**

I share the concern expressed by the Majority regarding unwritten York County probation procedures and fully join the Majority Memorandum.[1] However, I write separately to address an additional procedural oddity which, while not affecting the outcome, bears mention.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  While we do not reach the constitutionality of the unwritten rule in York County, I am compelled to note that such a rule, if enforced, is grossly irresponsible.  The community trusts that probationers are supervised, and a unilateral and secret edict jeopardizes that trust and the safety of the community.  While admittedly _obiter dicta_, I am left to question what responsibility the county would have in a case where a probationer, who is effectively released from supervision under the unwritten rule, commits a new crime that could have been prevented through the supervision he or she was ordered to receive.  This hypothetical calls into question any cost-saving intentions the former president judge and director of probation may have hoped to achieve.

The Commonwealth asserts that Appellant was aware that his probation was stayed, if not by the unwritten York County Rule, by an order granting bail. Commonwealth's Brief at 9 n.2. It appears as though Appellant, in his effort to challenge his sentence of probation, posted bail while on probation.[2] N.T., 9/7/07, at 5-6; N.T., 9/28/07, at 3. Thus, the record reveals that Appellant was on bail in this matter from September 7, 2007 through July 1, 2009, when the Supreme Court denied allowance of appeal and the trial court remanded Appellant to the York County Department of Probation.[3] *Commonwealth v. Mathias*, 980 A.2d 110, 27 MAL 2009 (Pa. 2009); Order, 7/9/09. We are unsure why Appellant would want bail while serving a sentence of probation, and the reason why the trial

_____

[2] Bail is typically only contemplated where a sentence of total confinement is entered. *See* Pa.R.Crim.P. Rule 521. Here, however, it appears that while the trial court discussed remanding Appellant into custody, bail was ordered, and total confinement was not imposed at the instant trial court docket number. N.T., 9/7/07, at 5-6.

[3] The Pennsylvania Rules of Appellate Procedure provide that:

> Unless bail is revoked, a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania.
>
> *Comment:* The intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in the state courts, but to exclude state post-conviction collateral proceedings, federal appeals and post-conviction habeas corpus proceedings, or any other collateral attacks.

Pa.R.Crim.P. Rule 534 and comment.

court ordered bail under the facts of this case is not clear. What is clear, however, is that Appellant posted bail and was ostensibly released from the conditions of his probation for the 663 days between September 7, 2007 and July 1, 2009.

Therefore, if Appellant was in fact released from the conditions of probation, those 663 days may not count toward his maximum probation sentence of five years. This calculation would result in Appellant completing his five-year sentence of probation on September 8, 2013. These extra 663 days do not, however, alter the Majority's conclusion that the Commonwealth's March 14, 2014 petition, concerning an alleged probation violation, was filed after Appellant completed his sentence. Therefore, I agree with the Majority that Appellant's April 21, 2014 judgment of sentence must be vacated as there was no probation for the trial court to revoke.

Judge Strassburger joins this concurring memorandum.